## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

KEITH NETHERSOLE, an individual,
on behalf of himself and all others similarly situated,

       Plaintiff,

vs.                                                                                  **CLASS ACTION**

ALLIANCE CAS, LLC, a Florida
limited liability company,

       Defendant.
_____/

### COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Keith Nethersole, an individual, on behalf of himself and all others similarly

situated sues Defendant, Alliance CAS, LLC, a Florida limited liability company, and alleges:

### I.  PRELIMINARY STATEMENT

1.  This is an action brought pursuant to 15 U.S.C. §1692, *et sequi*, known more

commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt

collectors from engaging in abusive, deceptive and unfair practices.

### II.  JURISDICTION

2.  The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C.

§1337.

### III.  ALLEGATIONS AS TO PARTIES

3.  Plaintiff, Keith Nethersole ("Mr. Nethersole"), is *sui juris* and a resident of

Broward County, Florida.

4.      At all times material hereto, Defendant, Alliance CAS, LLC ("Debt Collector"), was a Florida limited liability company, doing business in Broward, Palm Beach, and Dade Counties, Florida.

5.      Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempted to collect consumer debts alleged to be due to another in Broward , Palm Beach and Miami-Dade Counties, Florida.

## IV.  FACTUAL ALLEGATIONS

6.      For an extended period of time, Defendant acted as the collection agent for various condominium and homeowner associations in the State of Florida, including but not necessarily limited to The Hills of Inverrary Condominiums, Inc. ("Association").

7.      In the course of its representation of the various condominium and homeowners associations, Defendant regularly collected or attempted to collect monies from consumers for delinquent condominium and homeowner association fees and assessments ("Association Fees").

8.      On or about September 21, 2011, Defendants sent or caused to be sent to Mr. Nethersole written correspondence, known more commonly in the collection industry as a "dunning letter," for the purpose of collecting monies for Association Fees purportedly owed by Mr. Nethersole to the Association ("Collection Communication").

9.      A true and correct copy of the Collection Communication is attached hereto and incorporated by reference as Exhibit "A."

10.      Defendant through the Collection Communication demanded payment of the Association Fees "no later than **thirty (30)** days from the date" of the Collection Communication.

11.      Defendant through the Collection Communication stated, *inter alia*, as follows:

> **Unless, within thirty (30) days of the date of this letter, you dispute the validity of this debt (or any portion thereof) owed to the association, this office shall assume the debt is valid. If you notify this office in writing within the thirty (30) day period that the debt (or any portion thereof) is disputed, this office shall obtain written verification of the debt from the association and mail same to you. Alliance CAS is a "debt collector" under the Fair Debt Collection Practices Act. We are attempting to collect a debt, and any information obtained will be used for that purpose.**

(underlined by Plaintiff, bold emphasis by Defendant)

12.    Defendant through the Collection Communication attempted to collect the sum of Two Hundred Dollars ($200.00) as and for "collection fees and costs" ("Collection Fee Claim").

13.    For an extended period of time prior to the filing of the instant action, Defendant has maintained a practice and pattern of transmitting or causing to be transmitted dunning letters in the form of the Collection Communication to consumers such as Mr. Nethersole for various homeowners and condominium associations in the State of Florida which demanded that the consumer pay fees and costs in the amount of the Collection Fee Claim.

14.    The Collection Fee Claim does not represent the reasonable time spent by Defendant in the preparation and transmission of the Collection Communication and other documents pertaining to the consumer debt. Rather, the Defendant mass produced dunning letters such as the Collection Communication in such a manner as Defendant was able to collect monies for "collection fees" which are not in fact incurred.

## V.  DEFENDANT'S PRACTICES

15.    It is or was the policy and practice of Defendant to send collection letters in the form of Exhibit "A" to consumers in a manner which was reasonably calculated to confuse or frustrate consumers with respect to advising consumers as to the right of consumers with respect

to the validation of consumer debts under 15 U.S.C. §1692g.

16.     It is or was the policy and practice of Defendant to send collection letters in the form of Exhibit "A" to consumers wherein Defendant charged or attempted to charge for "collection fees" for which the Defendant was not entitled to recover from consumers such as Mr. Nethersole.

## VI.   CLASS ACTION ALLEGATIONS

17.     This action is brought on behalf of a class consisting of (i) all persons with addresses in the state of Florida (ii) to whom letters the same form as Exhibit "A" were sent (iii) in an attempt to collect a debt which, according to the nature of the creditor or the debt, or the records of the creditor or defendants, was incurred for personal, family, or household purposes (iv) which were not returned undelivered by the U.S. Post Office (v) during the one year period prior to the filing of the complaint in this action.

18.     Plaintiff alleges on information and belief based on the Defendant's use of letters in the form of Exhibit "A" that the class is so numerous that joinder of all members is impractical. Based on Defendant's use of letters in the form of Exhibit "A," Plaintiff estimates that the class includes hundreds or thousands of class members.

19.     There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual issue common to each class member is that each was sent a letter in the form of Exhibit "A." The principal legal issues are whether Defendant's letters in the form of Exhibit "A" violate the FDCPA by (i) failing to properly inform the consumer with respect to the consumer's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer in violation of 15 U.S.C. §1692g (ii) by making false or misleading

representations in violation of 15 U.S.C. §1692e, and (iii) by using unfair or unconscionable means to collect a debt in violation of 15 U.S.C. §1692f.

20.     Mr. Nethersole's claim is typical of those of the class members. All are based on the same facts and legal theories.

21.     Mr. Nethersole will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

22.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    (1)   The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

    (2)   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

23.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

24.     Mr. Nethersole requests certification of a hybrid class of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## VII.  ALLEGATIONS OF LAW

25.     At all times material hereto, Mr. Nethersole was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

26.     At all times material hereto, The Hills of Inverrary Condominiums Association,

Inc. and the various other homeowners and condominium associations represented by Defendant were "creditor(s)" as said term is defined under 15 U.S.C. §1692a(4).

27.     At all times material hereto, the Association Fees purportedly owed to The Hills of Inverrary Condominiums Association, Inc. and the various other homeowners and condominium associations represented by Defendant were "debt(s)" as said term is defined under 15 U.S.C. §1692a(5).

28.     At all times material hereto, Defendant was a "debt collector(s)" as said term is defined under 15 U.S.C. §1692a(6).

29.     15 U.S.C. §1692g(a) provides, in pertinent part, the following:

<u>Notice of Debts; Contents</u>

Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:

(1)   The amount of the debt;

(2)   The name of the creditor to whom the debt is owed;

(3)   A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)   A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)   A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from

the current creditor.

30.     The conduct of Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C.§1692 *et sequi*, including but not limited to:

      a.     the use of false representations, deceptive or misleading representations or means to collect or attempt to collect a debt in violation of 15 U.S.C. §§1692e, e(2) and e(10);

      b.     the use of unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and

      c.     the failure to properly inform the consumer as to the consumer's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer in violation of 15 U.S.C. §1692g.

31.     As a result of Defendant's conduct, Plaintiff and the class are entitled to an award of actual and statutory damages pursuant to 15 U.S.C. §1692k.

32.     Plaintiff and the class are entitled to an award of costs and attorneys fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff, Keith Nethersole, an individual, requests judgment be entered in his favor and in favor of the class against Defendant, Alliance CAS, LLC, a Florida limited liability company, for:

A.     Declaratory judgment that Defendant's Exhibit "A" violates the Fair Debt Collection Practices Act;

B.     Actual and statutory damages pursuant to 15 U.S.C. §1692k;

C.     An award of costs and attorney's fees pursuant to 15 U.S.C. §1692k; and

D.     Such other and further relief as the Court may deem just and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, Keith Nethersole, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

<u>/s/ Robert W. Murphy</u>
Robert W. Murphy
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telecopier
rphyu@aol.com

# ALLIANCE CAS, LLC

September 21, 2011                                         *Sent Via Certified & Regular U.S. Mail*

Keith Nethersole
3466 Spring Bluff Place #20
Lauderhill, FL 33319

## DEMAND NOTIFICATION FOR IMMEDIATE PAYMENT

RE:     Association: The Hills of Inverrary Condominiums, Inc.
        Unit Owner: Keith Nethersole
        Reference No.: HOI-06

Dear Keith Nethersole:

Alliance CAS has been retained by The Hills of Inverrary Condominiums, Inc. to effectuate the collection of your delinquent account. Do note the Association will file a Claim of Lien against the above described unit for failure to timely pay its association assessments unless payment in the amount of $1,875.00 is received by this office no later than thirty (30) days from the date of this letter. This figure represents your delinquent balance of $1,675.00 as well as a $200.00 for the collection fees and costs. *All payments checks or money orders shall be payable and mailed to: Alliance CAS, LLC,* at the address listed below. Until the above described delinquent amount is paid in full, all payments should be directed to Alliance CAS. Failure to fully comply with this demand letter for payment, may result in the acceleration of assessments or installments thereof, if provided for in the governing documents for the association.

The next regular monthly assessment in the amount of $550.00 is due the 1st of next month. If you make your payment after the 1st of next month you must add $550.00 to balance shown above to bring your account current. If not paid by the 10th day of the month, the account will be assessed a $25.00 late fee and any unpaid amounts shall bear interest as per the Association Documents.

Unless, within thirty (30) days of the date of this letter, you dispute the validity of this debt (or any portion thereof) owed to the association, this office shall assume the debt is valid. If you notify this office in writing within the thirty (30) day period that the debt (or any portion thereof) is disputed, this office shall obtain written verification of the debt from the association and mail same to you. Alliance CAS is a "debt collector" under the Fair Debt Collection Practices Act. We are attempting to collect a debt, and any information obtained will be used for that purpose.

If you previously received a discharge in bankruptcy, the association seeks only to enforce its in-rem remedies with respect to any pre-petition assessments. No personal judgment will be sought for any assessments which came due prior to the date of any such bankruptcy petition was filed. Upon this firm's receipt of the total amount stated above within the time period stated herein, your account for assessments shall be brought current through September 30, 2011. All payments due pursuant to this payment plan shall be made by Cashier's Check or Money Order and made payable to Alliance C.A.S. and shall be mailed to or delivered to: **ALLIANCE CAS: COLLECTION DEPARTMENT, P.O. BOX 477, HALLANDALE BEACH, FLORIDA 33008,** unless otherwise directed by Alliance CAS, in writing. **You can avoid further action by the Association please contact Scott Jaffee at Alliance CAS (954) 668-2448 immediately.**

Evan Phillips
Alliance CAS, LLC

cc: Board of Directors and Property Manager



# EXHIBIT "A"



P.O. Box 477, Hallandale Beach, Florida 33008